IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

TRICIA PEOPLES,                        :
                                       :
     Plaintiff,                        :
                                       :
vs.                                    :     CIVIL ACTION 12-0392-M
                                       :
CAROLYN W. COLVIN,                     :
Commission of Social Security,[1] :
                                       :
     Defendant.                        :

MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Attorney's Application for Attorney Fees Under the Equal Access to Justice Act (hereinafter *EAJA*), with supporting Documentation (Doc. 23), and Defendant's Response to Plaintiff's Application for Attorney's Fees (Doc. 24).  After consideration of the pertinent pleadings, it is **ORDERED** that the Motion be **GRANTED** and that Plaintiff be **AWARDED** an EAJA attorney's fee in the amount of $1,620.43.

Plaintiff filed this action on June 14, 2012 (Doc. 1).  On

---

[1]Carolyn W. Colvin became the Commissioner of Social Security on February 14, 2013.  Pursuant to Fed.R.Civ.P. 25(d), Colvin is substituted for Michael J. Astrue as Defendant in this action.  No further action needs to be taken as a result of this substitution.  42 U.S.C. § 405(g).

January 25, 2013, the undersigned Judge entered a Memorandum
Opinion and Order, reversing the decision of the Commissioner,
and remanding this action for further proceedings (Doc. 21).
Judgment was entered in favor of Plaintiff and against Defendant
(Doc. 22).

On February 25, 2013, William T. Coplin, Jr., counsel for
Plaintiff, filed an Application for Attorney Fees Under the
EAJA, in which he requests a fee of $1,620.43, computed at an
hourly rate of $184.14 for 8.8 hours spent in this Court (Doc.
23).  Defendant, in her Response filed on March 5, 2013, stated
that she objected to an award of attorney's fees under EAJA as
the Government's position in this case was substantially
justified; Defendant also stated that payment made should be
made to Plaintiff rather than to her attorney (Doc. 24).

The EAJA requires a court to

> award to a prevailing party . . . fees and
> other expenses . . . incurred by that party
> in any civil action . . . including
> proceedings for judicial review of Agency
> action, brought by or against the United
> States . . . unless the court finds that the
> position of the United States was
> substantially justified or that special
> circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  The EAJA further requires that a

prevailing party file an application for attorney's fees within thirty days of final judgment in the action.  28 U.S.C. § 2412(d)(1)(B).  The court's judgment is final sixty days after it is entered, which is the time in which an appeal may be taken pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure.  *See Shalala v. Schaefer*, 509 U.S. 292 (1993).

As set out above, there are three statutory conditions that must be satisfied before EAJA fees may be awarded under 28 U.S.C. § 2412.  *See Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990).  First, the claimant must file an application for fees within the thirty-day period.  Second, the claimant must be a prevailing party.  Third, the Government's position must not be substantially justified.

Defendant apparently concedes that Plaintiff became the prevailing party when the Court remanded this action, *Schaefer*, 509 U.S. 300-302, and that the fee motion was timely filed.  However, she does not concede that the original administrative decision denying benefits was not substantially justified (Doc. 24).

With regard to this last condition, in order for Plaintiff to recover attorney's fees under the EAJA, the Government must fail "to establish that its positions were 'substantially

3

justified' or that there exist 'special circumstances' which countenance against the awarding of fees." *Myers*, 916 F.2d at 666 (interpreting and referring to 28 U.S.C. § 2412(d)(1)(A)). That means that the Government must show that there was a "reasonable basis both in law and fact" for the positions it took. *Myers*, 916 F.2d at 666 (citations omitted). The Court notes that "[a]n examination of whether the government's position was substantially justified encompasses an evaluation of both the agency's prelitigation conduct and the subsequent litigation positions of the Justice Department. . . . Unless the government can establish that all of its positions were substantially justified, the claimant is entitled to receive attorney's fees." *Myers*, 916 F.2d at 666 n.5 (citations omitted). Though Defendant bears the burden of showing that its position was substantially justified, "[t]he fact that the government lost its case does not raise a presumption that the government's position was not substantially justified." *Ashburn v. United States*, 740 F.2d 843, 850 (11th Cir. 1984).

In the Memorandum Opinion and Order dated January 25, 2013 (Doc. 21), the Court found as follows:

> The ALJ's other proffered reason for
> rejecting the Neuropsychologist's opinion is
> "because it is not consistent with the objective

4

evidence of record and the residual functional
capacity of the claimant" (Tr. 20). The Court
notes, however, that the ALJ did not state what
the evidence was that he was using as the basis
for rejecting Goff's conclusions. The Court notes
that there is no other evidence of record
regarding People's mental impairments and that
the only evidence given any weight by the ALJ
came from ME Anderson who testified that she had
a mental health disorder; the ME also
acknowledged that a person experiencing both high
blood pressure and diabetes could suffer
cognitive loss (Tr. 41, 43).

    In this record, Neuropsychologist Goff is
the only expert who provided an evaluation of
Peoples' mental abilities and limitations; that
was done after an examination and administering a
battery of tests. The ALJ points to no evidence
to dispute Goff's conclusions, choosing only to
find that that the opinion was paid for and
unsupported by unspecified, objective evidence
(Tr. 20). Without more, the Court cannot say
that the ALJ's conclusion is supported by
substantial evidence.

(Doc. 21, pp. 13-14) (footnote omitted).

Defendant, in his response (Doc. 24), states that there was
a reasonable basis in law and fact for the Commissioner's
position. Specifically, the Government argues that there was
evidence in the record supporting the ALJ's decision though the
ALJ did not point to it in making the determination (Doc. 24).

As set out above, in the Memorandum Opinion and Order, the
Court finds that, based upon a review of the entire record, the
ALJ's decision is not supported by substantial evidence because

the ALJ failed to articulate the basis for his conclusions.  The Government's arguments are no more convincing now than they were when they were previously placed before the Court; it is necessary for the ALJ to articulate the reasons for his decisions and not expect the Government to fulfill that role once the matter comes before the Court.  Therefore, the Government's position was not substantially justified (Doc. 24).

Having found that the three prerequisites have been satisfied, the Court will now discuss the fee to be awarded in this action.  The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute.  The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"  *Watford v. Heckler*, 765 F.2d 1562, 1586 (11th Cir. 1985 (EAJA) (*quoting Hensley v. Eckerhartt*, 461 U.S. 424, 433 (1983) (§ 1988)).  In describing this lodestar method of calculation, the United States Supreme Court stated:

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.  The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed.  Where the documentation of hours is inadequate, the district court may

> reduce the award accordingly.  The district
> court also should exclude from this initial
> fee calculation hours that were not
> "reasonably expended." . . . Cases may be
> overstaffed, and the skill and experience of
> lawyers vary widely.  Counsel for the
> prevailing party should make a good-faith
> effort to exclude from a fee request hours
> that are excessive, redundant, or otherwise
> unnecessary, just as a lawyer in private
> practice ethically is obligated to exclude
> such hours from his fee submission.  In the
> private section, 'billing judgment' is an
> important component in fee setting.  It is
> no less important here.  Hours that are not
> properly billed to one's client also are not
> properly billed to one's adversary pursuant
> to statutory authority.

*Hensley*, 461 U.S. at 434 (citations omitted).  Counsel must use

professional judgment in billing under EAJA.  A lawyer should

only be compensated for hours spent on activities for which he

would bill a client of means who was seriously intent on

vindicating similar rights.  *Norman v. Housing Authority*, 836

F.2d 1292, 1301 (11th Cir. 1988).

The Court, after examination of Plaintiff's attorneys'

Application and supporting documentation, and after

consideration of the reasonableness of the hours claimed, finds

that Plaintiff's counsel's time expended in prosecuting this

action for a total of 8.8 hours is reasonable.

With respect to a determination of the hourly rate to apply

in a given EAJA case, the express language of the Act provides
in pertinent part as follows:

> The amount of fees awarded under this
> subsection shall be based upon prevailing
> market rates for the kind and quality of the
> services furnished, except that . . .
> attorney fees shall not be awarded in excess
> of $125 per hour unless the court determines
> that an increase in the cost of living or a
> special factor, such as the limited
> availability of qualified attorneys for the
> proceedings involved, justified a higher
> fee.

28 U.S.C. § 2412(d)(2)(A) (Supp. 1997).

In *Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir. 1992), the
Eleventh Circuit determined that the EAJA establishes a two-step
analysis for determining the appropriate hourly rate to be
applied in calculating attorney's fees under the Act:

> The first step in the analysis, . . . is to
> determine the market rate for "similar
> services [provided] by lawyers of reasonably
> comparable skills, experience, and
> reputation." . . . The second step, which is
> needed only if the market rate is greater
> than $75 per hour, is to determine whether
> the court should adjust the hourly fee
> upward . . . to take into account an
> increase in the cost of living, or a special
> factor.

8

*Meyer*, 958 F.2d at 1033-34 (citations and footnote omitted).[2]
The applicant bears the burden of producing satisfactory
evidence that the requested rate is in line with prevailing
market rates. *NAACP V. City of Evergreen*, 812 F.2d 1332, 1338
(11th Cir. 1987). Satisfactory evidence at a minimum is more
than the affidavit of the attorney performing the work. *Blum v.
Stenson*, 465 U.S. 886, 895 n.11 (1984). Where the fees or time
claimed seem expanded or there is lack of documentation or
testimony in support, the court may make an award on its own
experience. *Norman v. City of Montgomery*, 836 F.2d 1292, 1303
(11th Cir. 1988). Where the documentation is inadequate, the
court is not relieved of its obligation to award a reasonable
fee, but the court traditionally has had the power to make such
an award without the need of further pleadings or an evidentiary
hearing. *Id.*

Since 2001, the prevailing market rate in the Southern
District of Alabama has been $125.00 per hour. *See, e.g.*, *Smith
v. Massanari*, Civil Action 00-0812-P-M (S.D. Ala. October 25,
2001); and *Square v. Halter*, Civil Action 00-0516-BH-L (S.D.
Ala. April 12, 2001). However, in 2007, in an action before
Judge Cassady, a formula was approved and used to adjust the

---

[2]Subsequent to *Meyer*, the cap was raised from $75.00 per hour to

prevailing market hourly rate to account for the ever-increasing cost of living. *Lucy v. Barnhart*, Civil Action 06-0147-C (S.D. Ala. July 5, 2007 (Doc. 32)).  As set out in *Lucy*, the formula to be used in calculating all future awards of attorney's fees under the EAJA is:  "'($125/hour) x (CPI-U Annual Average "All Items Index," South Urban, for month and year of temporal midpoint[3])/152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.'"  (*Lucy*, Doc. 32, at p. 11) (*quoting Lucy*, Doc. 31, at p. 2).  The undersigned also adopts this formula in EAJA fee petition actions for use in arriving at the appropriate hourly rate.

The temporal midpoint in this action was October 5, 2012, the complaint having been filed on June 14, 2012 (Doc. 1), and the Court having entered its Memorandum Opinion and Order and Judgment on January 25, 2013 (Docs. 21-22).  The CPI-U for October 2012 was 224.504.  Plugging the relevant numbers into the foregoing formula renders the following equation:  $125.00 x 224.504/152.4.  Completion of this equation renders an hourly

---

$125.00 per hour, as set out above in 28 U.S.C. § 2412(d)(2)(A).

[3]"The appropriate endpoint for computing the cost of living adjustment is the temporal midpoint of the period during which the compensable services were rendered[;] . . . [t]he temporal midpoint is calculated by computing the number of days from the date the claim was prepared until the date of the Magistrate or District Judge's Order and Judgment." *Lucy v. Barnhart*. Civil Action 06-0147-C (S.D. Ala. Doc. 31, at p. 3).

rate of $184.14.  This hourly rate for 8.8 hours equals $1,620.43.

The Court notes that, in the application for Attorney's Fees, counsel for Plaintiff requests that any award of attorney's fees be paid to Plaintiff's attorney rather than to Plaintiff (Doc. 23).  The Government argues that payment should only go to the Plaintiff (Doc. 24, pp. 6-7).

As noted earlier, EAJA allows a Court to make an "*award to a prevailing party*."  28 U.S.C. § 2412(d)(1)(A).  In *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509 (11th Cir. 1988), the Eleventh Circuit Court of Appeals stated that "[i]t is readily apparent that the party eligible to recover attorneys' fees under the EAJA as part of its litigation expenses is the prevailing party."  *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008), *cert. denied*, 129 S.Ct. 724 (2008) ("We conclude the EAJA means what it says:  attorney's fees are awarded to the 'prevailing party,' not to the prevailing party's attorney").  The United States Supreme Court, in the unanimous decision of *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010), held "that a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States,"

11

removing any doubt as to whom the award should be paid.

In this action, Peoples has specifically "agree[d] to pay William T. Coplin, Jr., all attorneys fees awarded [her] under EAJA, agreed[d] that they may be mailed to or made payable to William T. Coplin, Jr., directly, and assign all rights [she has] to seek and receive them to William T. Coplin, Jr." (Doc. 23 Assignment).  However, under the reasoning of *Reeves* and *Ratliff*, the Court finds that the award should be paid to Plaintiff Tricia Peoples and not to her attorney.

In conclusion, it is **ORDERED** that Plaintiff's Application be **GRANTED** as set out above and that Plaintiff be **AWARDED** an EAJA attorney's fee in the amount of $1,620.43.

DONE this 10th day of April, 2013.


                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE

12